## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**JULIUS MARIA BELCHER**,

     Plaintiff,

v.                                                                Civil Action No. 7:22-CV-42

**VIVENT, INC.**,

     Defendant.

## ORDER

This matter is before the Court on Plaintiff Julius Maria Belcher's Motion to Remand. (Doc. 8). Defendant Vivent, Inc. removed this action from the Superior Court of Cook County, Georgia based on Plaintiff's allegations that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff filed an Amended Complaint on June 2, 2022, eliminating her federal law claims. Plaintiff's only remaining claim is a state law claim for breach of contract. Plaintiff urges the Court not to exercise supplemental jurisdiction over this claim and to remand the case to the state court. For the following reasons, the Court **GRANTS** Plaintiff's motion.

## I.    BACKGROUND

Plaintiff entered into a contract with Defendant on August 30, 2018 for the installation of a security system. (Doc. 5, ¶¶ 4-5). Plaintiff provided Travis Hankins, an agent for Defendant, a down payment for the security system. (Id. at

¶ 6). Kenny Jones, another agent of Defendant, then installed the system. (Id. at ¶ 4). Sometime thereafter, a representative for Defendant contacted Plaintiff and informed her that she had three delinquent accounts Defendant intended to turn over to a collection agency. (Id. at ¶ 7). Plaintiff discovered that Kenny Jones and Travis Hankins used her personal information to apply for and create accounts for three individuals whose credit prevented them from obtaining services from Defendant. (Id. at ¶¶ 7, 11-12). Those three customers then defaulted on their accounts. (Id. at ¶ 12).

Plaintiff filed suit against Defendant on March 29, 2022 in the Superior Court of Cook County. (Doc. 3-1). Plaintiff's Complaint asserted claims against Defendant for breach of contract under Georgia law and for alleged violations of the FCRA. Defendant timely removed the case to this Court on May 5, 2022. (Doc. 1). Defendant then moved to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 4). In response, Plaintiff filed an Amended Complaint. (Doc. 5).[1] The Amended Complaint asserts only a claim for breach of contract. (Id.). Plaintiff argues the Court should decline to exercise supplemental jurisdiction over the remaining state law claim and remand the case to the Superior Court of Cook County.

---

[1] The filing of Plaintiff's Amended Complaint rendered Defendant's Motion to Dismiss Plaintiff's Complaint moot. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007); Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006). Defendant's motion is therefore **DENIED as moot**.

## II.    DISCUSSION

Federal courts are courts of limited jurisdiction, "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." Univ. S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation and citation omitted). Only those cases over which district courts of the United States have original jurisdiction may be removed from a state court to a federal district court. 28 U.S.C. § 1441(a). The parties do not dispute that the Court had original jurisdiction of the case at the time of removal based on Plaintiff's FCRA claims. The question posed is whether following Plaintiff's abandonment of her federal law claims the Court should in its discretion retain supplemental jurisdiction over Plaintiff's remaining state law breach of contract claim.

"[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for the federal jurisdiction generally does not defeat jurisdiction." Rockwell Intern. Corp. v. United States, 549 U.S. 457, 474 n.6 (2007). Whether the Court chooses to exercise that jurisdiction is a matter of discretion. See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). The district court may decline to exercise supplemental jurisdiction when, as here, "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c). In making this

3

determination, the court should "take into account concerns of comity, judicial economy, convenience, fairness, and the like." Lewis v. City of St. Petersburg, 260 F.3d 1260, 1267 (11th Cir. 2001) (quoting Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999)) (internal quotation marks omitted).

Considerations of comity favor remand of this case to state court. As the Eleventh Circuit has admonished, "[s]tate courts, not federal courts, should be the final arbiters of state law." Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997). Furthermore, this case is in its infancy, and discovery has not begun.[2] The Court accordingly concludes that no issues of judicial economy, convenience, and fairness are implicated. The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. This case shall be remanded to the Superior Court of Cook County for further proceedings.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (Doc. 8). This case is **REMANDED** to the Superior Court of Cook County, Georgia.

---

[2] Defendant argues to the contrary. Defendant points to a nearly identical complaint Plaintiff filed against Defendant in state court in 2020 for breach of contract. When Defendant moved to dismiss that case, Plaintiff voluntarily dismissed. There is no indication that any discovery took place.

4

**SO ORDERED** this 17th day of October, 2022.

_**s/ Hugh Lawson**_
**HUGH LAWSON, SENIOR JUDGE**

aks